USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KYODO SHIPPING LIMITED CAYMAN ISLANDS,

Plaintiff,

09 Civ. 4633 (DAB)
ORDER

-against-

INTEGRA MARKETING PTE LTD.,

Defendant.

------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On May 15, 2009, Plaintiff, Kyodo Shipping Limited Cayman Islands, filed a Verified Complaint in the captioned action seeking damages of US$ 135,717.06 inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and Lyons Affidavit, dated May 15, 2009 and finds that Plaintiff has failed to satisfy the conditions of Supplemental Admiralty Rule B. Specifically, Plaintiff has failed to show that the defendant's property may be found within the district. Fed. R. Civ. P. Supp. Rule B(1)(a); Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006).

Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . in the hands of garnishees named in the process.

Fed. R. Civ. P. Supp. Rule B(1)(a) (emphasis added). Thus, "[t]o sustain an attachment, a plaintiff must show that it has fulfilled the 'filing and service requirements of Rules B and E' and that '1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.'" <u>DSND Subsea AS v. Oceanografia, S.A. de CV</u>, 569 F.Supp.2d 339, 343 (S.D.N.Y. 2008) (quoting <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 445 (2d Cir. 2006)).

Under Rule E of the Supplemental Rules, a plaintiff must plead its claim with "such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. AMC R. E(2)(a). This "is [a] more stringent [standard] than the pleading

requirements of the Federal Rules of Procedure," Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 519 F.Supp.2d 399, 409 (S.D.N.Y. 2007), which themselves require that plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965. Even under the less rigorous standard of Fed. R. Civ. P. 8, a "formulaic recitation of the elements of a cause of action will not do." Id., 127 S.Ct. at 1965.

While "in this Circuit ... EFT ['electronic fund transfer'] funds in the hands of an intermediary bank may be attached pursuant to Admiralty Rule B(1)(a)." Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 277 (2d Cir.2002), Rule B nonetheless requires that the defendant's "assets are presently located in the Southern District." Aqua Stoli, 460 F.3d at 444. "Rule B(1) relief is not valid where the attachment and garnishment is served before the garnishee comes into possession of the property." ContiChem IPG v. Parsons Shipping Co., Ltd., 229 F.3d 426, 434 (2d Cir. 2000) (citing Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO.) Ltd., 759 F.2d 262, 268 (2d Cir. 1985)).

Plaintiff has attempted to satisfy the third Aqua Stoli requirement - that "defendant's property may be found within the district," 460 F.3d at 445 - by alleging that "[u]pon information and belief, [Defendant] has, or will have during the pendency of

this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees." (Ver. Compl., ¶ 14). Plaintiff offers no elaboration on these allegations, and counsel has not provided any support in its affirmation to substantiate its speculative and conclusory assertions.

In considering Plaintiff's application for process of maritime attachment, the Court is mindful that "[a]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.' " Capitol Records, Inc. v. City Hall Records, Inc., No. 07 Civ. 6488(LTS)(KNF), 2008 WL 2811481, at *5 (S.D.N.Y. July 18, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). However, in the Court's view, more is required under Aqua Stoli to demonstrate a "plausible" entitlement to a maritime attachment than a conclusory allegation, based simply on Plaintiff's "information and belief" that Defendant "has, or will have . . . property within this District" in the hands of one of seventeen garnishees, during the pendency of the requested Order. Plaintiff has not, with this Complaint and supportive documentation, provided the Court with "enough factual matter (taken as true) to suggest" that Defendant's property may be found in the Southern District of New York. Twombly, 127 S.Ct.

at 1965.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is DENIED without prejudice.

SO ORDERED.

Dated: New York, New York
May 27, 2009

Deborah A. Batts

Deborah A. Batts
United States District Judge